IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| TOM RICHARD NICHOLS, | Cause No. CV 12-00102-H-DLC-RKS |
|---|---|
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| STATE OF MONTANA, | |
| Defendant. | |

## SYNOPSIS

Mr. Nichols, a state prisoner proceeding without counsel, filed a Complaint alleging that enforcement of Montana statute § 45-5-502(5)(a)(ii) would constitute age discrimination. C.D. 2, p. 6. This matter will be recommended for dismissal because the only named Defendant, the State of Montana, is immune to suit under the Eleventh Amendment. Moreover, allowing Mr. Nichols an opportunity to amend his Complaint would be futile because he lacks standing to challenge the statute at issue and/or his claims are barred by the doctrines set forth in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Heck v. Humphrey, 512 U.S. 477 (1994).

A strike should be issued in this case pursuant to 28 U.S.C. § 1915(g) not

1

only because Mr. Nichols' claims are frivolous but because his continual attempts to raise issues previously dismissed is malicious.

## JURISDICTION

Mr. Nichols filed this action in federal court. C.D. 2. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint presents a federal question under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana L. Christensen, United States District Court Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

## STATUS

Mr. Nichols is a prisoner proceeding in forma pauperis. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915, 1915A. If so, the Complaint must be dismissed. 28 U.S.C. § 1915A(b). This is the review.

## STANDARDS

**A. Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Leave to amend**

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The court liberally construes pro se pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely

clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

### C. 42 U.S.C. § 1983

#### 1. Eleventh Amendment

The Eleventh Amendment bars federal suits against the State of Montana, regardless of the nature of the relief, absent unequivocal consent by the state to be sued. U.S. Const. Amend. XI; Pennhurst v. Halderman, 465 U.S. 89, 100 (1984).

#### 2. Standing

In order for a party to have standing to challenge the constitutionality of a state criminal statute, it is not necessary that the party subject themselves to criminal prosecution. Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979). But, imaginary or speculative fears of prosecution are inadequate. A party can challenge a state criminal statute only if that party professes an intention to engage in the conduct prohibited by the law and there is a credible threat of prosecution. Id.

#### 3. Rooker-Feldman

The Rooker-Feldman doctrine requires the dismissal of a complaint for lack

of subject-matter jurisdiction if it is a de facto appeal from a state court decision. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

### 4. Heck v. Humphrey

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a person seeking to recover § 1983 damages for conduct that, if unlawful, would render his conviction invalid must show that the conviction has been reversed, expunged, declared invalid, or questioned by issuance of a writ of habeas corpus. Id. at 486–87.

## ALLEGATIONS

Mr. Nichols seeks an order declaring that Montana Code § 45-5-502(5) is discriminatory in age and is thus contrary to law. This section provides that consent with regard to sexual assault is ineffective if the victim is, "less than 14 years old and the offender is 3 or more years older than the victim." Mont. Code Ann. § 45-5-502(5)(a)(ii). Mr. Nichols contends this statute is aimed at one group (those person three years older than persons less than fourteen) while allowing other groups (persons not more than three years older than person under the age of fourteen) to engage in the exact same acts without being prosecuted. C.D. 2-1, p. 3. He argues this constitutes age discrimination.

Mr. Nichols contends that because of this "discrimination," he has a "potential fear of prosecution," anxiety and stress due to that "fear" and this has degraded his quality of life. He also contends that he holds this fear of prosecution for an essentially limitless list of friends/citizens who could realistically be potential defenseless victims to this discriminatory statute. This has also caused him stress and anxiety.

He asks for an order declaring this statute discriminatory and directing the State of Montana to correct this unlawful provision. C.D. 2, p. 7.

## ANALYSIS

There are numerous problems with Mr. Nichols' Complaint. First, as the State of Montana has not consented to be sued in this situation, all claims against the State are barred by the Eleventh Amendment. The Eleventh Amendment does not bar suits for prospective declaratory relief against state officials in their official capacity. Idaho v. Couer d'Alene Tribe, 521 U.S. 261 (1997); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). But, Mr. Nichols has not named a state official in their official capacity.

Even if Mr. Nichols were allowed to amend his Complaint to name a state official in their official capacity, such amendment would be futile. According to the Montana Supreme Court, Mr. Nichols was convicted of sexual assault in

6

violation of Section 45-5-502(3), MCA and sexual intercourse without consent in violation of Section 45-5-503(4)(a)[1]. The jury made the specific finding that Mr. Nichols was three or more years older than the victim who was less than 16 years of age at the time of the assault. The Montana Supreme Court indicates that Mr. Nichols' victim was six years of age. Nichols v. State, OP 12-0395 (Mont. S.Ct. July 24, 2012).

If, as found by the Montana Supreme Court, Mr. Nichols was not convicted under Mont. Code Ann. § 45-5-502(5)(a)(ii), he lacks standing to challenge the statute because he can only allege speculative fears of prosecution under that statute. He obviously professes no intention to engage in sexual conduct with someone less than 14 years old and there is no credible threat of prosecution.

To the extent Mr. Nichols is seeking to challenge the decision of the Montana Supreme Court, he cannot do so. As set forth in Mr. Nichols' first case on this issue, his attempt to challenge this statute has been rejected by the Montana Supreme Court and Mr. Nichols cannot appeal the Montana Supreme Court's decision to this Court. See Civil Action 12-CV-00094-H-DLC, C.D. 5 citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of

---

[1] A court may consider judicially-noticeable facts, including court records, in considering whether to dismiss a pro se complaint pursuant to § 1915. Diamond v. Pitchess, 411 F.2d 565, 566 (9th Cir. 1969).

Appeals v. Feldman, 460 U.S. 462 (1983).

Lastly, if there is any chance that Mr. Nichols was convicted under this statute, his claims are barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994). Mr. Nichols has not shown that his conviction has been expunged or otherwise reversed. Therefore, he cannot challenge any aspect of that conviction which would imply its invalidity.

## CONCLUSION

Mr. Nichols' claims are frivolous. The State of Montana is immune to suit and amendment in this situation would be futile because Mr. Nichols either lacks standing to challenge the state statute at issue or his claims are barred by the doctrines set forth in Rooker-Feldman and Heck. The Complaint should be dismissed.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

Mr. Nichols' claims are not only frivolous but the bringing of this lawsuit is malicious. Duplicative or repetitious litigation of the same causes of action

8

brought by prisoners proceeding in forma pauperis is subject to dismissal under 28 U.S.C. § 1915(e) as abusive. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of § 1915. See Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995). It is malicious for a litigant to file a lawsuit that duplicates allegations of another federal lawsuit. Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

This is the third time this Court has dealt with this issue, first in the matter of Nauman v. Montana, Civil Action No. 12-CV-00063-H-DLC, Mr. Nichols' first case, Civil Action No. 12-CV-94-H-DLC-RKS, and now this case. The repeated filing of issues which have been repeatedly decided is malicious.

The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

**B. Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states

9

in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. No reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**C. Address Changes**

At all times during the pendency of this action, Mr. Nichols SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the

dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Mr. Nichols' Complaint C.D. 2 should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Nichols' claims are frivolous and malicious.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Nichols may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Nichols files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Nichols from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 6th day of February, 2013.

 /s/ Keith Strong  
Keith Strong  
United States Magistrate Judge